**In re Henry SCHOELIER and Lorraine Schoelier, Debtors.**

**SEARS, ROEBUCK AND CO., Plaintiff,**

**v.**

**Henry SCHOELIER and Lorraine Schoelier, Defendants.**

**Bankruptcy No. 5–93–01965. Adv. No. 5–94–0050.**

United States Bankruptcy Court, M.D. Pennsylvania, Wilkes–Barre Division.

Dec. 29, 1994.

---

Scott Bennett, Honesdale, PA, for debtors.

Charles Phillips, Wyomissing, PA, for plaintiff.

## OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

On October 25, 1994 Plaintiff presented their case against the Defendants relative to a Complaint objecting to the dischargeability of certain debt incurred by the Debtor/Defendants. That Complaint was filed under 523(a)(2)(A) and alleged that various charges made by the Debtors within days of their bankruptcy filing were debts that should not be discharged because of "false pretenses, false representation, or actual fraud".

Although the Defendant answered, neither Defendant appeared nor did counsel on their behalf. Original counsel, Jerry Raff, Esquire, died due to a tragic accident during the pendency of the bankruptcy. Scott Bennett, Esquire succeeded as counsel to the Debtors.

The Plaintiff called an employee to the stand and also argued that various Requests for Admissions were "deemed admitted" since they were not responded to.

The evidence indicated that within 20 days of the bankruptcy and from October 21, 1993 to October 31, 1993 the Debtors, on four separate charges incurred a debt to Sears of One Thousand Three Hundred Ninety–Six Dollars and Eleven Cents ($1,396.11). Those charges were incurred after consultation with bankruptcy counsel. All of the charges were to a joint account with both Debtors' names on it, but all purchases were signed only by the male Debtor. The witness from Sears testified that notes taken by another representative for Sears who attended the first meeting of creditors indicated that the Debtor said these charges were for "Christmas gifts".

Although there was no evidence in the record as to the relationship between the two Debtors, there was some indication that the female Debtor now utilized a different name than Lorraine Schoelier, i.e. Lorraine Matern.

Upon conclusion of the hearing the Court entered an Order granting judgment in favor of the Plaintiff and against the male Debtor denying the dischargeability of the debt as to Henry Schoelier.

The only remaining issue was whether the debt of Lorraine Schoelier should be discharged.

The Plaintiff alleges that, under Pennsylvania law, "... either spouse has the power to act for both without any specific authority, so long as the acting spouse's action benefits both". Citing *In re Paolino*, 89 B.R. 453, 459 (Bankr.E.D.Pa.1988). Our review of Pennsylvania law indeed supports this conclusion. *J.R. Christ Construction, Inc. v. Olvesky*, 426 Pa. 343, 232 A.2d 196 (1967). That presumption is helpful with regard to *property* held by either husband or wife.

■ Although both Debtors, presumably under the charge card agreement, agreed to be bound by the credit charges of one, it does not necessarily follow that one spouse's intent to defraud a creditor raises a presumption that the other spouse intended to defraud that creditor.

This Court is mindful that the provisions of 523(a)(2)(C) allows for a presumption that a debt to a single creditor is presumed nondischargeable if "luxury goods or services" in excess of Five Hundred Dollars ($500.00) are incurred within forty (40) days of bankruptcy. That is the very basis upon which we concluded Mr. Schoelier continued to be obligated to the Plaintiff. Whether we shall impute Mr. Schoelier's actions to Mrs. Schoelier depends upon whether we will interpret this portion of the Bankruptcy Code strictly or otherwise.

■ Exceptions to discharge are interpreted strictly in favor of the debtor and against the creditor. *In re Pelkowski*, 990 F.2d 737 (3rd Cir.1993) at 744. The burden of proving an exception to dischargeability is on the Plaintiff by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

■ We have no evidence on this record that Mrs. Schoelier knew of these purchases before they were incurred. Even though there is some unobjected hearsay on hearsay evidence that these charges represented "Christmas presents" we have no evidence as to whether these items were purchased with Mrs. Schoelier's knowledge or intention to use them as such at any time.

Even though the Plaintiff's case was not defended, the evidence is consistent with Mrs. Schoelier not having any advance knowledge of the credit charges. Neither is there any evidence that *she* utilized these charged items as Christmas presents. We simply cannot find that these specific charges benefitted the female Debtor in any way. Therefore, we cannot utilize the presumption that Mr. Schoelier's actions in charging these items were either explicitly or implicitly authorized by the female Debtor. We conclude that Mrs. Schoelier should be discharged of this indebtedness.