**In re Jewell Ernest DOBBINS, Debtor.**

**FCC NATIONAL BANK, Plaintiff,**

**v.**

**Jewell Ernest DOBBINS, Defendant.**

Bankruptcy No. 89–41922–2.
Adv. No. 89–4274–2.

United States Bankruptcy Court,
W.D. Missouri.

Oct. 22, 1990.

Cynthia F. Grimes, Kansas City, Mo., for plaintiff.

Steve D. Burmeister, Independence, Mo., for defendant/debtor.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

Debtor filed his petition for relief under Chapter 7 on August 29, 1989. November 21, 1989 was established as the filing deadline for 11 U.S.C. § 523(c) and 11 U.S.C. § 727 complaints. First Chicago Credit Card requested an extension on said deadline and received it. First Chicago filed a complaint in two counts under 11 U.S.C. § 523. Count I alleged that debtor had issued a cash advance check for $2,276.00 to the Internal Revenue Service on March 13, 1989. First Chicago asserted that this entitled it to subrogation to the rights of the Internal Revenue Service and thus the debt was not dischargeable under 11 U.S.C. § 523(a)(1). Count II alleged the issuance of four cash advance checks between February 22, 1989 and May 11, 1989. It further alleged that debtor had no intent to repay when those checks were issued and claimed thereby the "obtaining of credit by false pretenses, a false misrepresentation or fraud", and nondischargeability under 11 U.S.C. § 523(a)(2).

Debtor filed his answer to the complaint and a trial date was set. However, in lieu of trial First Chicago introduced a short stipulation of agreed facts and filed a Motion For Summary Judgment on Count I.

The Court denied the Motion For Summary Judgment and First Chicago then filed a Motion To Dismiss its complaint with prejudice. After this was granted, debtor's counsel moved for allowance of fees. First Chicago opposes same.

11 U.S.C. § 523(d) provides:

"If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust".

The Court takes that to mean that the award of costs and attorney fees is discretionary with the Court.

In this case First Chicago filed the complaint in two counts, apparently abandoned one count at the time trial was to be held and decided to rely on a motion for summary judgment on an extremely tenuous theory that has little law to recommend it. The Court apprehends that this was the very conduct on the part of creditors that Congress sought to penalize. Counsel for debtor has requested an award of $937.50 for attorney fees and has submitted an itemized bill. The Court has reviewed it, believes it to be reasonable, and will allow it.

Judgment for $937.50 attorney fees and costs will be entered against First Chicago Credit Card (FCC National Bank).

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.