**In the Matter of Alan D. HINGSON, Debtor–Appellant.**

**No. 90–3426.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 7, 1991.

Decided Jan. 16, 1992.

Rehearing and Rehearing En Banc Denied March 3, 1992.

Michael J. Meyer, Meyer, Keller & Runde, Effingham, Ill., for appellee.

David W. Sutterfield, Jones & Sutterfield, Effingham, Ill., for debtor-appellant.

Before POSNER, COFFEY, and RIPPLE, Circuit Judges.

POSNER, Circuit Judge.

The appellant filed for bankruptcy, owing among other debts some $13,000 to his former mother-in-law, who claimed in the bankruptcy proceeding that the debt was not dischargeable because it was incurred to obtain money or other consideration by means of a fraud. 11 U.S.C. § 523(a)(2)(A). Hingson denied the charge and also moved for an award of attorney's fees under 11 U.S.C. § 523(d), which provides that if a creditor requests that a consumer debt be ruled nondischargeable, and it is discharged, the court shall award the debtor costs and a reasonable attorney's fee "if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust." See S.Rep. No. 989, 95th Cong., 2d Sess. 80 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5866. Hingson called his motion for fees a "counterclaim," but the nomenclature is unimportant. The bankruptcy judge ordered the debt discharged but he refused, without any statement of the reasons for the refusal, to award costs and attorney's fees to the debtor. The district judge affirmed the order on the ground that the claim of dischargeability was not insubstantial and that in any event the family situation out of which the charge of fraud arose—the debtor's divorce from the creditor's daughter—warranted an exercise of lenity.

The language of section 523(d) is drawn from the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (see S.Rep. No. 65, 98th Cong., 1st Sess. 9–10 (1983)), which governs claims for attorney's fees by litigants against the federal government. Appellate review is deferential under that act, *Pierce v. Underwood*, 487 U.S. 552, 557–63, 108 S.Ct. 2541, 2546–49, 101 L.Ed.2d 490 (1988), and we can think of no reason why it should not be equally so under section 523(d). But when as in the present case the trier of fact gives no reasons for his discretionary determination, appellate review is exceedingly difficult unless the ground and merit of the determination are clear. *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1084 (7th Cir.1987).

When the appellant and his wife divorced, they owed money to her mother. The appellant agreed as part of the divorce settlement to assume $13,000 of this debt. Two months later he filed for bankruptcy. The timing is suspicious, and the bankruptcy judge thought enough of the mother-in-law's claim of fraud to allow it to go to trial, though eventually he disposed of the case in the appellant's favor by grant of a motion for directed verdict. Before trial, the parties had tentatively settled the case, with the appellant agreeing to pay between $2,000 and $3,600 (depending on his future financial circumstances) toward the retirement of the debt. The settlement negotiations ultimately collapsed in acrimony, but that they got as far as they did suggests that the claim of fraud may have had substantial merit.

So the denial of the appellant's motion for an award of attorney's fees was justified. But we disagree with the district judge's alternative ground for that denial. The fact that bringing a charge of fraud against a former son-in-law may have reflected anger over the divorce would not excuse a groundless claim. But see *In re Verdon*, 95 B.R. 877, 886 (Bankr.N.D.N.Y. 1989). On the contrary, it would suggest an abuse of process—the use of legal process to harass and intimidate rather than to obtain a favorable judgment—and that is a traditional ground for awarding attorney's fees under standards less generous to the claimant than that of section 523(d). *Coates v. Bechtel*, 811 F.2d 1045, 1049–50 (7th Cir.1987); *Miller Brewing Co. v. Brewery Workers Local Union No. 9*, 739 F.2d 1159, 1167 (7th Cir.1984).

It is true that section 523(d), like the Equal Access to Justice Act on which it is modeled, authorizes the denial of an award of attorney's fees on the ground of "special circumstances." But we do not view this authorization as a license to the bankruptcy judge to base decision on idiosyncratic notions of equity, fair dealing, or, in this case, family justice. The exception should be

interpreted with reference to *"traditional equitable principles."* *Oguachuba v. INS,* 706 F.2d 93, 98–99 (2d Cir.1983) (emphasis added). Cf. H.R.Rep. No. 1418, 96th Cong., 2d Sess. 11 (1980). In *Oguachuba* fees were denied a plaintiff who after a string of losses got lucky and won on a technicality. In *Taylor v. United States,* 815 F.2d 249 (3d Cir.1987), the plaintiff was implicated in the very misconduct that he later challenged. See *id.* at 254 (concurring opinion). We may assume that if a debtor could somehow be found to have procured the creditor's groundless claim of fraud, the exception for special circumstances would justify the denial of the debtor's application for attorney's fees. But the fact that the creditor was motivated by wrath would not be enough, even if the debtor were a hateful person. *Id.* Here the claim had substantial merit, however, so the district court's alternative ground can be ignored.

AFFIRMED.