**FCC NATIONAL BANK, Appellant,**

**v.**

**Jewell Ernest DOBBINS, Defendant.**

**No. 90–1131–CV–W–2.**

United States District Court,
W.D. Missouri, W.D.

April 29, 1992.

---

Cynthia F. Grimes, Lewis, Rice & Fingersh, Daniel D. Phillips, Kansas City, MO, for FCC Nat. Bank.

Steven D. Burmeister, Burmeister, Laurent & Taylor, Independence, MO, for Jewell Ernest Dobbins.

Steven C. Block, Boland, McQuain, Block, DeHardt & Rosenbloom, Kansas City, MO, trustee.

## MEMORANDUM OPINION AND ORDER

GAITAN, District Judge.

This case is an appeal of a bankruptcy decision from the United States Bankruptcy Court for the Western District of Missouri. Appellant claims that the bankruptcy court erred in awarding attorney's fees against appellant pursuant to 11 U.S.C. § 523(a) (1990). Upon review of the record and arguments presented in this case, the bankruptcy court decision is affirmed.

### I. FACTS

In January of 1989, Appellee, Jewell Dobbins ("Dobbins"), applied for a credit card from appellant, FCC National Bank ("FCC"), and was approved with a $5,000 credit limit. The basis of the dispute in this case involves four charges on this credit card. On February 22, 1989 and March 7, 1989, Dobbins obtained two cash advance checks from FCC in the amounts of $832.00 and $851.70, respectively, and made the checks payable to himself. On March 13, 1989, Dobbins obtained a cash advance check from FCC in the amount of $2,276.00, and made the check payable to the Internal Revenue Service for a federal income tax payment. On May 11, 1989, Dobbins charged $55.41 at Mid State Oil.

Dobbins filed a voluntary petition for bankruptcy on August 29, 1989. FCC filed a Complaint to challenge the dischargeability of these credit card debts on November

22, 1989. Count I alleged that the $2,276.00 cash advance to the IRS was nondischargeable pursuant to the right of subrogation under Section 523(a)(1).[1] Count II alleged that the entire debt was nondischargeable under § 523(a)(2) for the reason that the debtor obtained the credit with an intent not to repay.[2]

After filing the complaint, FCC scheduled a deposition with Dobbins. After deposing Dobbins, FCC decided to withdraw count II of the complaint and to submit count I on a motion for summary judgment. By Order dated May 8, 1990, the bankruptcy court denied FCC's motion for summary judgment. Thereafter, FCC dismissed the complaint with prejudice, and Dobbins filed a motion for attorney's fees pursuant to § 523(d).

At the hearing on the motion for attorney's fees, the bankruptcy court granted Dobbins' motion for attorney's fees, and requested that Dobbins submit an itemized list of his fees. In a memorandum order On October 22, 1990, the bankruptcy court awarded attorney's fees against FCC pursuant to 11 U.S.C. § 523(d) in the amount of $937.50, 120 B.R. 120. FCC appeals from this order.

## II. DISCUSSION

### 1. In General

■ The district court is bound by the bankruptcy court's findings of fact unless they are clearly erroneous. *See* Bankr.R. 8013; *In re Leser,* 939 F.2d 669, 671 (8th Cir.1991). Where the issue involves an underlying question of law, the district court

may conduct a *de novo* review of the record. *In re Howell Enterprises, Inc.,* 934 F.2d 969 (8th Cir.1991).

■ The bankruptcy court awarded attorney's fees in this case against FCC pursuant to 11 U.S.C. § 523(d). Section 523(d) provides:

> If a creditor requests a determination of dischargeability of a consumer debt under Subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

In order to award attorney's fees under this section, the debtor must prove that (1) the creditor requested a determination of the dischargeability of the debt, (2) the debt is a consumer debt, and (3) the debt was discharged. *Chevy Chase Federal Savings Bank v. Kullgren (In re Kullgren),* 109 B.R. 949, 953 (Bankr.C.D.Cal. 1990). Once the debtor establishes these elements, the burden shifts to the creditor to prove that the creditor's action was substantially justified. *Chrysler First Financial Services Corp. v. Rhodes (In re Rhodes),* 93 B.R. 622, 624 (Bankr.S.D.Ill. 1988).[3]

### 2. Consumer Debt

As one of the elements set forth in § 523(d), FCC challenges the requirement

---

1. Section 523(a)(1) provides:
(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
(1) for a tax or a customs duty—
(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(6) of this title, whether or not a claim for such tax was filed or allowed ...

2. Section 523(a)(2) provides:
(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
(1) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition ...

3. Additionally, an award of attorney's fees should not be permitted if any special circumstances exist which would make the award unjust. *First Chicago FCC National v. Willett (In re Willett),* 125 B.R. 607 (Bankr.S.D.Cal.1991). FCC presented no argument to the bankruptcy court or on appeal why any special circumstances exist which would make an award of attorney's fees unjust in this case. Therefore, the court will not address this issue.

that the discharged debt is a consumer debt. FCC argues that § 523(d) is not applicable because Dobbins' cash advance to the IRS for income taxes is not a consumer debt.

The Court will not address the merits of this argument because a determination of this issue is not dispositive of the applicability of § 523(d). Even assuming that the payment of income taxes is not a consumer debt, FCC filed the complaint under § 523(a)(2) listing three other cash advances which qualify as consumer debts. These consumer debts provide an independent basis for establishing a claim under § 523(d).

### 3. Substantial Justification

■ FCC also argues that the bankruptcy court erred in awarding fees under § 523(d) because FCC was "substantially justified" in filing the complaint under § 523(a)(2). To prove that the complaint was "substantially justified" under § 523(a)(2), the creditor must prove that the "complaint had a reasonable basis in law and fact." *First Chicago FCC National Bank v. Willett (In re Willett)*, 125 B.R. 607 (Bankr.S.D.Cal.1991). In assessing whether FCC had a reasonable basis to file the complaint under § 523(a)(2), there are several factors to consider regarding whether the debtor had an intent to deceive creditors in credit card cases:

(1) Length of time between the charges made and the filing of the bankruptcy;
(2) Whether or not an attorney has been consulted concerning the filing of bankruptcy before the charges are made;
(3) The number of charges made;
(4) The amount of charges;
(5) The financial condition of the debtor at the time the charges are made; and
(6) Whether the charges were above the credit limit of the account.

*First Community Credit Union v. Cullen (In re Cullen)*, 63 B.R. 33, 35 (Bankr. E.D.Mo.1986).

■ FCC filed the complaint after reviewing Dobbins' schedules and other financial statements, and concluded that Dobbins was clearly insolvent at the time he made the cash advances. FCC claims that this information was sufficient to infer an intent to deceive by Dobbins. *See Matter of Colin*, 44 B.R. 704, 705–06 (Bankr. W.D.Mo.1984) (court inferred fraudulent intent where debtor used a credit card while hopelessly insolvent). FCC also relies on the decision of *In re Bundy*, 95 B.R. 1004, 1014–15 (Bankr.W.D.Mo.1989), where the court refused to award the attorney's fees if the creditor acted in good faith and was not guilty of abusive practices. FCC claims that the bankruptcy court did not make a finding that FCC acted abusively or in bad faith.

Based upon the general law regarding the dischargeability of credit card debts, FCC's assertions are not persuasive in this case. FCC's reliance on the debtor's insolvency, without more, may not be sufficient to infer an intent to deceive the creditors under § 523(a)(2). *See First Community Credit Union v. Cullen (In re Cullen)*, 63 B.R. 33, 35 (Bankr.E.D.Mo.1986). Even though the financial condition of the debtor at the time the charges are made is one factor to consider, there are several other factors which are also relevant. With the exception of the $55.41 charge to Mid State Oil, Dobbins made the cash advances at least five months before the bankruptcy petition was filed. Together there were only four contested charges, and those charges were within the $5,000 credit limit. Additionally, Dobbins stated at his deposition that he had no intention of filing bankruptcy until he consulted with his attorney about one week prior to filing the petition. (ROA 17, Exhibit B, pp. 13–14). In combination, these facts provide no reasonable basis to conclude that Dobbins had an intent to deceive FCC at the time the charges were made.

This conclusion is consistent with the findings made by the bankruptcy court at the hearing on Dobbins' motion for attorney's fees. The bankruptcy court questioned both FCC's basis for filing the complaint under § 523(a)(2), and its decision to voluntarily dismiss the complaint:

The time frame of the cash advance, the lack of indication that there was any-

thing improper about it, and the time frame then of the filing of the bankruptcy indicates to me that they took their chances and then they decided they didn't want to take their chances any further and they quit after I refused summary judgment, and I think they're going to have to pay for that.

(ROA 21, p. 10).

The bankruptcy court awarded attorney's fees in this case against FCC, stating that "this was the very conduct on the part of creditors that Congress sought to penalize." (ROA 18–A, p. 2). Upon review of the bankruptcy court's decision in this case, this Court upholds the factual findings, and finds that FCC did not have "substantial justification" to file a complaint under § 523(a)(2).

4. Allowance of Attorney's Fees

■ Alternatively, FCC argues that the bankruptcy court erred in allowing all the attorney's fees submitted by Dobbins. FCC states that § 523(d) only allows attorney's fees for claims arising under § 523(a)(2), not § 523(a)(1). FCC contends that the bulk of time in this case involved the § 523(a)(1) claim, and that Dobbins should have itemized his time between the two counts.

In the memorandum opinion issued by the bankruptcy court, the court stated that the itemized bill for attorney's fees of $937.50 was reasonable and allowed the fee in its entirety. (ROA 18–A). This court will not disturb the bankruptcy court's finding on this issue. Given the overlapping nature of the facts supporting each count, and the reasonableness of the entire fee, this court sees no reason for parceling out the time Dobbins spent defending the proceeding.

Accordingly, it is hereby ORDERED that the bankruptcy court decision on this appeal be affirmed.