**In re Joseph L. VIANESE, Constance A. Vianese, Debtors.**

**TURNING STONE CASINO, Plaintiff,**

v.

**Joseph L. VIANESE, Constance A. Vianese, Defendants.**

**Bankruptcy No. 95–60060.
Adv. No. 95–70066.**

United States Bankruptcy Court, N.D. New York.

Nov. 3, 1995.

---

James F. Selbach, Syracuse, New York, for Debtors/Defendants.

Oneida Indian Nation Legal Dept., Oneida, New York (Paul J. Rinko, of counsel), for Plaintiff.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Chief Judge.

Presently before the Court is a motion filed on June 26, 1995, by Constance A. Vianese (C. Vianese) seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), incorporated by reference in Rule 7056 of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P."), in the adversary pro-

ceeding commenced by Turning Stone Casino[1] ("Plaintiff") on April 10, 1995, against C. Vianese and her husband, Joseph L. Vianese ("J. Vianese") (hereinafter jointly referred to as "Debtors"). Plaintiff seeks a determination of the dischargeability of a debt pursuant to §§ 523(a)(2)(A) and (B), as well as § 523(a)(4), of the Bankruptcy Code (11 U.S.C. §§ 101–1330) ("Code"). C. Vianese contends that the Plaintiff's Complaint as against her is not substantially justified and, therefore, she is entitled to a dismissal of the Complaint, as well as an award of attorney's fees and costs in the amount of $500 pursuant to Code § 523(d).

The Court heard oral argument on July 18, 1995, at its regular motion term in Syracuse, New York. The parties were afforded an opportunity to file memoranda of law,[2] and the matter was submitted for decision on August 8, 1995.

## JURISDICTIONAL STATEMENT

The Court has core jurisdiction over the parties and subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b), 157(a), (b)(2)(I).

## FACTS

On January 6, 1995, the Debtors filed a voluntary joint petition ("Petition") pursuant to Chapter 7 of the Code. According to Schedule "F", filed with the Petition, Plaintiff is listed as holding a fixed and liquidated claim in the amount of $16,500, identified as gambling debts. On April 10, 1995, Plaintiff filed its Complaint against both Debtors.

In its Complaint, Plaintiff alleges that on or about February 24, 1994, J. Vianese submitted a credit application requesting an extension of credit and check cashing privileges at the Turning Stone Casino. Plaintiff alleges that J. Vianese wrote a check dated September 11, 1994, payable to Plaintiff in the amount of $16,500, which was returned because of insufficient funds in J. Vianese's bank account. Plaintiff acknowledges that

its Complaint contains no allegations with respect to C. Vianese.

## DISCUSSION

■ Fed.R.Civ.P. 56(c) provides that summary judgment must be granted when there exists "no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law." *Federal Deposit Ins. Corp. v. Bernstein,* 944 F.2d 101, 106 (2d Cir.1991). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Gallo v. Prudential Residential Servs., Ltd. Partnership* 22 F.3d 1219, 1223 (2d Cir.1994). For purposes of a summary judgment motion, the movant has the burden of showing that there does not exist a genuine issue as to any material fact. *Securities Exchange Comm'n v. Research Automation Corp.,* 585 F.2d 31, 33 (2d Cir.1978).

■ In the case at bar, Plaintiff does not suggest that the acts of J. Vianese from which its claim arose should in any way be imputed to C. Vianese. In fact, Plaintiff's counsel acknowledges that its Complaint does not allege a single cause of action against C. Vianese. Plaintiff's counsel also admits that the inclusion of C. Vianese as a defendant in the adversary proceeding was an "innocuous oversight" on its part (*see* ¶ 5 of Respondent's Affidavit, dated July 14, 1995). The Court concludes that there are no genuine issues of material fact with respect to the cause of action against C. Vianese's as set forth in Plaintiff's Complaint. Accordingly, C. Vianese's motion for summary judgment dismissing the Complaint is granted and she shall not be denied a discharge of the indebtedness to Plaintiff based upon Code § 523(a)(2)(A) or (B) (*see In re*

---

1. Turning Stone Casino, located in Verona, New York, is owned and operated by the Oneida Indian Nation of New York.

2. Neither party elected to file a memorandum of law.

*Schoelier,* 178 B.R. 395 (Bankr.M.D.Pa. 1994)).

■ In addition to requesting summary judgment dismissing Plaintiff's Complaint as to C. Vianese, C. Vianese seeks to recover attorney's fees and costs pursuant to Code § 523(d) on the basis that Plaintiff's Complaint against her was not substantially justified. However, before determining whether C. Vianese is entitled to an award of attorney's fees and costs, the Court must address Plaintiff's assertion that sovereign immunity precludes C. Vianese from seeking to recover attorney's fees and costs from it.

■ An Indian nation possesses sovereign immunity from suit that existed at common law. *Rupp v.` Omaha Indian Tribe,* 45 F.3d 1241, 1245 (8th Cir.1995), citing *Rosebud Sioux Tribe v. A & P Steel, Inc.,* 874 F.2d 550, 552 (8th Cir.1989). In addition, "an action against a tribal enterprise is, in essence, an action against the tribe itself." *Barker v. Menominee Nation Casino,* 897 F.Supp. 389 (E.D.Wis.1995). The Supreme Court has indicated that "Indian tribes are 'domestic dependent nations' that exercise inherent sovereign authority over their members and territories." *Oklahoma Tax Com'n v. Citizen Band Potawatomi Indian Tribe,* 498 U.S. 505, 508, 111 S.Ct. 905, 909, 112 L.Ed.2d 1112 (1991). Although Indian nations have the right of internal self-government, including the right to prescribe laws applicable to nation members and to enforce those laws, no statute or treaty has been cited which would give an Indian nation the authority to litigate bankruptcy issues with non-Indians. *In re Shape,* 25 B.R. 356, 359 (Bankr.D.Montana 1982). In this case, Plaintiff's only recourse in seeking to have the debt owed by J. Vianese determined to be non-dischargeable was to commence an adversary proceeding in this Court. In commencing the adversary proceeding, Plaintiff necessarily consented to the Court's jurisdiction to determine any *related* claims brought adversely against it. *See Rupp, supra,* 45 F.3d at 1245. While such counterclaims generally take the form of recoupment (*see Rosebud, supra,* 874 F.2d at 552 (citations omitted), it would be inequitable under the present circumstances to

permit Plaintiff to pursue its cause of action pursuant to Code § 523(a)(2) without allowing C. Vianese to seek to recover attorney's fees and costs as permitted under Code § 523(d). This also comports with the view that "[a] creditor cannot reasonably expect to invoke those portions of the bankruptcy code that allow it to recover on its claims and yet avoid the legal effect of other sections that do not work in its favor." *In re PNP Holdings Corp.,* 184 B.R. 805, 807 (9th Cir. BAP 1995). Accordingly, C. Vianese was entitled to seek recovery of attorney's fees and costs with respect to Plaintiff's causes of action brought pursuant to Code § 523(a)(2).

■ Even if the Court had determined that Plaintiff had not waived its claim of sovereign immunity by filing its Complaint against the Debtors, its immunity "exists only at the sufferance of Congress and is subject to complete defeasance." *United States v. Wheeler,* 435 U.S. 313, 323, 98 S.Ct. 1079, 1086, 55 L.Ed.2d 303 (1978). On October 22, 1994, the Bankruptcy Reform Act of 1994 ("Bankruptcy Reform Act") amended Code § 106 to make it "unmistakably clear" that Congress intended to abrogate sovereign immunity to the extent set forth in that section of the Code. *In re York–Hannover Developments, Inc.,* 181 B.R. 271, 273 (Bankr.E.D.N.C.1995); *see also In re Bison Heating & Equipment, Inc.,* 177 B.R. 785, 788 (Bankr.W.D.N.Y.1995) (Bankruptcy Code has significantly enlarged the statutory waiver of sovereign immunity.) The Code's waiver of sovereign immunity is applicable to the matter herein since Debtors filed their Petition after October 22, 1994, on January 6, 1995. Furthermore, the Bankruptcy Reform Act provided for retroactive application of Code § 106(a) to those cases filed prior to October 22, 1994, as well. *See United States v. Ryan,* 64 F.3d 1516, 1520 n. 2 (11th Cir. 1995).

Sovereign immunity is abrogated to the extent set forth in various Code sections specifically enumerated in Code § 106(a)(1), including Code § 523. Code § 106(a) provides that said abrogation is applicable to "governmental units." Code § 101(27) defines "governmental unit" as United States;

State; Commonwealth; District; Territory ... or other foreign or domestic government. As noted previously, Indian nations are considered "domestic dependent nations" and as such comprise "governmental units" within the meaning of Code § 101(27). Therefore, even if the Court had determined that Plaintiff had not waived sovereign immunity by commencing the adversary proceeding against the Debtors pursuant to Code § 523, Code § 106(a) abrogates whatever sovereign immunity Plaintiff might otherwise have had with respect to C. Vianese's motion seeking attorney's fees and costs.

■ To prevail on a motion pursuant to Code § 523(d), the debtor must establish (1) the creditor sought a determination of the dischargeability of a debt pursuant to Code § 523(a)(2), (2) the debt is a consumer debt, and (3) the debt was discharged. *See generally In re Harvey,* 172 B.R. 314, 317 (9th Cir. BAP 1994), citing *In re Kullgren,* 109 B.R. 949, 953 (Bankr.C.D.Calif.1990) and *FCC Nat'l Bank v. Dobbins,* 151 B.R. 509, 511 (W.D.Mo.1992). The burden then shifts to the creditor to prove that its actions in requesting said determination were substantially justified and that there are special circumstances that would make an award of fees unjust. *Id.,* citing *In re Rhodes,* 93 B.R. 622, 624 (Bankr.S.D.Ill.1988).

In the matter *sub judice,* there is no question that Plaintiff sought a determination of the dischargeability of a debt pursuant to Code §§ 523(a)(2)(A) and (B) against both Debtors and that this Court has determined that the debt is dischargeable as to C. Vianese. The question then arises whether the debt is a "consumer debt."

The Code defines "consumer debt" as one "incurred by an individual primarily for a personal, family, or household purpose." *See* Code § 101(8). This is to be distinguished from a "business debt" which is normally incurred "with an eye toward profit" (*see In re Booth,* 858 F.2d 1051 (5th Cir.1988)) and which is "motivated for ongoing business requirements" (*see In re Berndt,* 127 B.R. 222, 224 (Bankr.D.N.D.1991)). While gambling may be a business in some instances, in this case neither of the Debtors earns a living by gambling. According to the Petition, J. Via-

nese is an Assistant Superintendent of Business for Oswego County BOCES, and C. Vianese is or was a Sales Manager for a local real estate company. Under these circumstances, the gambling losses or debt should be viewed as "an excess similar to other excesses associated with living beyond one's means." *See In re Hammer,* 124 B.R. 287, 290 (Bankr.C.D.Ill.1991) (*dictum*), *decision vacated by In re Pilgrim,* 135 B.R. 314 (C.D.Ill.1992); *see also Berndt, supra,* 127 B.R. at 224 (comparing stock market investing with "gambling, a hobby or a whim" and concluding that any debt derived from such activities comprised "consumer debt"). While the debt may have been incurred in the hope of generating a profit, nevertheless, the Court concludes that it was incurred for personal purposes and is a consumer debt within the meaning of Code § 523(d).

The Court has previously concluded that C. Vianese is entitled to a discharge of the debt owed to Plaintiff. Therefore, her burden has been met with respect to the third element of proof pursuant to Code § 523(d). The burden then shifts to Plaintiff to establish that it was substantially justified in bringing its Complaint against C. Vianese. In other words, Plaintiff must prove that its allegations against C. Vianese "had a reasonable basis in law and fact." *See Dobbins, supra,* 151 B.R. at 512 (citation omitted); *Harvey, supra,* 172 B.R. at 318. As noted above, Plaintiff acknowledges that in its Complaint there are no allegations asserted against C. Vianese. Clearly, Plaintiff was not substantially justified in seeking a determination of nondischargeability against C. Vianese pursuant to Code § 523(a)(2).

The question then arises whether there are special circumstances which would preclude the Court's awarding attorney's fees and costs to C. Vianese. Plaintiff asserts that C. Vianese was included as a defendant in its Complaint as a result of a typographical error. At the hearing, counsel for Plaintiff argued that he had been willing to stipulate to the discontinuance of the action against C. Vianese as long as it was "without prejudice" (*see* Exhibit "C" of Affirmation of Plaintiff's attorney, dated July 14, 1995). Counsel for C. Vianese refused to sign any stipulation

that did not contain language indicating that the Complaint was being dismissed "with prejudice" as to C. Vianese (*see* Exhibit "D" of Affirmation of Plaintiff's attorney, dated July 14, 1995). Given Plaintiff's admission that none of the allegations enumerated in its Complaint were made against C. Vianese, the Court concludes that counsel for C. Vianese acted in the best interest of his client in requiring that the action be discontinued or dismissed "with prejudice." Therefore, the Court concludes that there are no special circumstances which would preclude an award of attorney's fees and costs to C. Vianese.

■ In this regard, Code § 106(a)(3) authorizes the Court to issue an order or judgment against a governmental unit, including awarding a money recovery. Code § 106(a)(3) stipulates that any recovery against a governmental unit be consistent with the provisions and limitation of 28 U.S.C. § 2412(d)(2)(A). Pursuant to 28 U.S.C. § 2412(d)(2)(A)(ii), attorney fees are not to be awarded in excess of $75 per hour "unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." In this case, the Court finds no basis for awarding attorney's fees at a rate in excess of the statutory rate of $75 per hour.

Based on the foregoing, it is

ORDERED that Plaintiff's Complaint against C. Vianese be dismissed with prejudice; it is further

ORDERED that C. Vianese is discharged of any alleged debt owed to Plaintiff as set forth in said Complaint; it is further

ORDERED that pursuant to Code § 523(d), C. Vianese is awarded attorney's fees at the rate of $75 per hour, as well as costs, associated with her motion for summary judgment, not to exceed $500; and it is further

ORDERED that counsel for C. Vianese file with the Court and serve on Plaintiff an affidavit, along with time records, in support of said award of attorney's fees and costs, said affidavit to be filed and served within 30 days of the date of this Order.