In re John Richard BAKER, f/d/b/a Baker Holdings, Ltd., d/b/a Omnicon Display, Phoenix Display, Inc., and Grace Elaine Baker, a/k/a Grace Nelson, f/d/b/a Baker Holdings, Ltd., d/b/a Omnicon Display, Phoenix Display Inc., Joint Debtors.

AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., Plaintiff,

v.

Grace E. BAKER, a/k/a Grace Elaine Baker, Defendant.

Bankruptcy No. 96 B 07552.
Adversary No. 96 A 00979.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

March 27, 1997.

Bruce de'Medici, Law Office of Bruce de'Medici, Chicago, IL, for Plaintiff.

Robert A. Filpi, Stack & Filpi Chartered, Chicago, IL, for Defendant.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of Grace Elaine Baker (the "Debtor") for an award of attorney's fees pursuant to 11 U.S.C. § 523(d). For the reasons set forth herein, the Court denies the motion.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. It constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (I).

## II. FACTS AND BACKGROUND

On July 15, 1996 American Express Travel Related Services Company, Inc. (the "Creditor") filed the instant adversary proceeding against the Debtor. The complaint was based on 11 U.S.C. § 523(a)(2)(A) and (a)(2)(C). See Exhibit A to Memorandum in Support of Motion. The complaint alleged that the debt owed to the Creditor, totaling approximately $6,000.00 was incurred by the Debtor without the intent to repay, and thus was obtained through false pretenses, a false representation or actual fraud. Id. The complaint further alleged that between January 3, 1996 and February 19, 1996 the Debtor used her credit card, which was issued to her by the Creditor, in eight transactions charging $5,998.44 for luxury goods and services. Id. Six of these charges totaling $5,941.36 were incurred at Freeman Deco for "decorating services." Id.

On January 23, 1997, the date set for trial, the Court dismissed the complaint with prejudice upon consent of the parties. Pursuant to that order, the Debtor reserved her right to seek attorney's fees and costs.

On February 21, 1997, the Debtor filed the instant motion. She claims that the Creditor filed the complaint without investigating whether the credit card charges were for consumer luxury goods. The Debtor alleges that despite being informed eleven days after filing the complaint that the charges incurred were not for luxury goods, and being asked to check with Freeman Deco, the merchant who provided the goods and services to the Debtor, the Creditor failed and refused to do so. Further, the Debtor contends that the Creditor pursued the complaint until approximately fifteen days prior to trial when the Creditor informed the Debtor that it would dismiss the complaint with prejudice. The Debtor seeks an award of attorney's fees in the amount of $4,181.00. The Debtor's attorney expended 22.60 hours on the defense of the adversary proceeding, including time spent in the preparation of the instant motion, at the hourly rate of $185.00. The attorney attached his time summaries to the motion. Neither party requested an evidentiary hearing. The parties rested on their papers.

## III. *APPLICABLE STANDARDS*

■] The Debtor seeks attorney's fees and costs under § 523(d) which provides:

If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

11 U.S.C. § 523(d). The language of § 523(d) was drawn from the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). *See In re Hingson,* 954 F.2d 428, 429 (7th Cir.1992). The purpose of § 523(d) is to discourage creditors from initiating false financial statement exception to discharge actions in hopes of obtaining a settlement from an honest debtor anxious to save attorney's fees. Such practices impair a debtor's fresh start. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 365 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 80 (1978), 1978 U.S.Code Cong. & Admin.News, pp. 5787, 5865, 5963, 6320.

■ In order to prevail on a motion for attorney's fees, the Debtor must prove that: (1) the Creditor requested a determination of dischargeability; (2) the debt is a consumer debt; and (3) the debt was discharged. *See American Sav. Bank v. Harvey (In re Harvey),* 172 B.R. 314, 317 (9th Cir. BAP 1994); *FCC Nat. Bank v. Dobbins,* 151 B.R. 509, 511 (W.D.Mo.1992); *Turning Stone Casino v. Vianese (In re Vianese),* 195 B.R. 572, 576 (Bankr.N.D.N.Y.1995). Once the Debtor establishes these elements, the burden shifts to the Creditor to show that his actions were substantially justified. *Dobbins,* 151 B.R. at 511 (citing *Chrysler First Fin. Servs. Corp. v. Rhodes (In re Rhodes),* 93 B.R. 622, 624 (Bankr.S.D.Ill.1988)). This exception should be interpreted with reference to "traditional equitable principles." *Hingson,* 954 F.2d at 430 (citation omitted). "Substantially justified" means more than frivolous, or undeserving of sanctions. *FCC Nat. Bank/First Card v. Friend (In re Friend),* 156 B.R. 257,

262 (Bankr.W.D.Mo.1993). The requirements for substantial justification are: (1) a reasonable basis in law for the theory it propounds; (2) a reasonable basis in truth for the facts alleged; and (3) a reasonable connection between the facts alleged and the legal theory advanced. *America First Credit Union v. Shaw (In re Shaw),* 114 B.R. 291, 295 (Bankr.D.Utah 1990); *Friend,* 156 B.R. at 262. The Seventh Circuit has recently noted in dicta that the provisions of § 523(d) are the "single instance in which a prevailing debtor may recover the fees incurred in a dischargeability action—where the creditor's challenge to the dischargeability of a consumer debt was not substantially justified." *In re Sheridan,* 105 F.3d 1164, 1167 (7th Cir. 1997). Moreover, an award of fees shall not be permitted if any special circumstances exist which would make the award unjust. *Dobbins,* 151 B.R. at 511 n. 3.

## IV. *DISCUSSION*

■ It is undisputed that the Creditor requested a determination of dischargeability under § 523(a)(2)(A) and (a)(2)(C). The complaint was dismissed with prejudice. Hence, the debt will be discharged. The dispute centers around whether the debt was a consumer debt. The Bankruptcy Code defines consumer debt as "debt incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). In her answer to the complaint, the Debtor admits that six charges totaling $5,941.36 were incurred at Freeman Deco for "decorating services." *See* Exhibit D to Memorandum in Support of Motion at ¶ 9. The Debtor further states that "the charges by Freeman Deco were incurred in connection with her business and pertained to the construction of trade show displays and not for any personal or home use." *Id.* Thus, based on the Debtor's own admission, the debt incurred was not a consumer debt. *See, e.g., First Int'l Bank v. Kerbaugh (In re Kerbaugh),* 162 B.R. 255, 266 (Bankr.D.N.D. 1993) (debt incurred primarily in connection with business related expenses does not constitute "consumer debt"); *Doug Howle's Paces Ferry Dodge, Inc. v. Ethridge (In re Ethridge),* 80 B.R. 581, 589–90 (Bankr. M.D.Ga.1987) (same); *Bellows Falls Trust*

*Co. v. Fike (In re Fike),* 31 B.R. 760, 765 (Bankr.D.Vt.1983) (same); *Guilmette v. People's Sav. Bank (In re Guilmette),* 12 B.R. 799, 803 (Bankr.D.R.I.1981) (same); *Citizens Nat. Bank v. Burns (In re Burns),* 894 F.2d 361, 363 (10th Cir.1990) (debt incurred with a profit motive does not constitute a "consumer debt"). Accordingly, the Debtor has failed to prove all the threshold elements under § 523(d) and the motion must be denied.

## V. CONCLUSION

For the foregoing reasons, the Court hereby denies the motion.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.