In re Stephen F. McCARTHY,
Sr., Debtor.

Bridgewater Credit Union,
Plaintiff/Appellee,

v.

Stephen F. McCarthy, Sr.,
Defendant/Appellant.

BAP No. MB 99–080.

United States Bankruptcy Appellate Panel
of the First Circuit.

Jan. 18, 2000.

Nancy K. McCarthy, Brant Rock, MA, for Stephen F. McCarthy, Sr.

Jeffrey M. Frankel, Philip C. Silverman, Curtatone, Doto & Frankel, PA, Somerville, MA, for Bridgewater Credit Union.

Before GOODMAN, DE JESÚS and HAINES, U.S. Bankruptcy Judges.

HAINES, Bankruptcy Judge.

We are asked to determine whether the court below erred when, following Chapter 7 debtor Stephen McCarthy's successful defense of Bridgewater Credit Union's nondischargeability complaint, it denied his request for a § 523(d) award of attorney's fees.[1] Because it appears that the bankruptcy judge incorrectly assigned the

1. Unless otherwise indicated, all citations to statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. § 101 et seq.

2. The credit union alleged that McCarthy had submitted a materially false financial statement to induce it to extend him credit. (J.A.Ex. C.)

burden and failed to consider appropriate factors in denying McCarthy's request, we reverse and remand.

### Introduction

McCarthy filed a voluntary petition seeking Chapter 7 relief on December 10, 1998. Bridgewater filed a timely complaint seeking a declaration that McCarthy's $1,672.72 credit card debt to it was nondischargeable under § 523(a)(2)(B).[2] McCarthy's answer asserted, inter alia, that Bridgewater's complaint was not substantially justified and demanded a declaration of dischargeability and an award of fees.[3]

After exchanging discovery, McCarthy moved for summary judgment and, under § 523(d), for his attorney's fees.[4] Bridgewater opposed the summary judgment motion. It did not specifically respond to the fees motion, but appeared to be heard on the fees issue at the summary judgment hearing.

The bankruptcy court granted McCarthy's motion for summary judgment, but denied the fees request. McCarthy promptly appealed.

### Discussion

**1. Jurisdiction**

We have jurisdiction to hear appeals from final orders of the bankruptcy court. See 28 U.S.C. § 158(a), (b). The bankruptcy court's order denying McCarthy's fees motion, entered with its final adversary proceeding judgment, is a final order. See Jensen v. Dunivent (In re Dewey), 237 B.R. 783, 787 n. 3 (10th Cir. BAP 1999) (order denying fees is final and appealable when the application is all that remains in dispute); Fleet Data Process-

3. The answer alleged that Bridgewater's employee, not McCarthy, was responsible for any errors in the credit application. (Id. Ex. D.) It also asserted that the complaint was frivolous. (Id.)

4. The § 523(d) motion provided legal argument, quoted legal authority, and was accompanied by McCarthy's counsel's affidavit. (Id. Ex. L; id. Ex. M.)

*ing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 646–647 (1st Cir. BAP 1998) (discussing final orders in the context of bankruptcy matters, observing that an adversary proceeding is "perhaps the clearest example" of a discrete dispute for purposes of appeal).

## 2. Scope of Review

 We review the bankruptcy court's denial of McCarthy's § 523(d) motion for abuse of discretion. Section 523(d) was patterned after the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), a provision governing attorney's fees claimed by litigants against the federal government. *See AT & T Universal Card Services Corp. v. Williams (In re Williams)*, 224 B.R. 523, 528 (2d Cir. BAP 1998) (comparing the text of the two statutes and quoting the Senate Report on § 523(d) which states that it incorporates the standard of the EAJA).

The Supreme Court has held that an EAJA attorney fee award is reviewed under the abuse of discretion standard. *See Pierce v. Underwood*, 487 U.S. 552, 559, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *see also McDonald v. Secretary of Health and Human Servs.*, 884 F.2d 1468, 1473 (1st Cir.1989) (following *Pierce*, reviewing EAJA fees award for abuse of discretion). It follows that a § 523(d) award of attorney's fees should be reviewed under the same standard. *See In re Hingson*, 954 F.2d 428, 429 (7th Cir.1992) (rehearing *en banc* denied); *In re Williams*, 224 B.R. at 529.

 Although not friendly to the appellant, the abuse of discretion standard does not render trial court decisions "impervious to scrutiny." *Ruiz–Troche v. Pepsi Cola of Puerto Rico Bottling Co.*, 161 F.3d 77, 83 (1st Cir.1998). A lower court's decision will be overturned "when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing

them." *Independent Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co.*, 864 F.2d 927, 929 (1st Cir.1988) *Accord Foster v. Mydas Assocs., Inc.*, 943 F.2d 139, 143 (1st Cir.1991).

## 3. Fee Award Entitlements Under § 523(d)

 The general rule in federal litigation is the "American Rule," under which the prevailing litigant is not entitled to collect his reasonable attorney's fees from his opponent unless authorized by statute or provided for by contract. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *In re Sheridan*, 105 F.3d 1164, 1166 (7th Cir.1997) (rehearing *en banc* denied). The courts do not have "roving authority" to award counsel fees whenever they might consider it warranted. *Roosevelt Campobello Int'l. Park Comm'n v. EPA*, 711 F.2d 431, 435 (1st Cir.1983) (quoting *Alyeska Pipeline Serv. Co.*, 421 U.S. at 260, 95 S.Ct. 1612).

 The American Rule reigns in the bankruptcy forum. *See In re Sheridan*, 105 F.3d at 1166; *see also In re DN Assocs.*, 165 B.R. 344, 348–49 (Bankr. D.Me.1994) (applying American Rule in bankruptcy setting). In the context of dischargeability disputes concerning consumer debts, however, § 523(d) intervenes, providing that:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

§ 523(d).

There is no dispute that Bridgewater's complaint sought a nondischargeability de-

termination for "consumer debt," or that McCarthy, by counterclaim and post-trial motion, properly and timely demanded a fees award.

### a. "Substantial Justification"

 Section 523(d) was enacted to discourage creditors from filing § 523(a)(2) complaints without first carefully reviewing the legal and factual bases for their fraud-based nondischargeability claims. *See First Card v. Carolan (In re Carolan)*, 204 B.R. 980, 987 (9th Cir. BAP 1996); *accord In re Williams*, 224 B.R. at 529. Congress was concerned that, absent the meaningful possibility that a successful defending debtor would be awarded his or her fees and costs, unscrupulous or inconsiderate creditors might file iffy actions willy-nilly, betting that their financially strapped consumer debtors would settle to avoid defense costs. *See In re Williams*, 224 B.R. at 529; *In re Carolan*, 204 B.R. at 987. The "substantial justification" standard balances legislative solicitude for the honest debtor's plight against "the risk that imposing the expense of the debtor's attorney's fees and costs on the creditor may chill creditor efforts to have debts that were procured through fraud declared nondischargeable." *In re Carolan*, 204 B.R. at 987. *Accord In re Williams*, 224 B.R. at 529–30.

Section 523(d) makes a fees award a meaningful possibility for successful debtor/defendants. If the debtor prevails, the court "shall" enter judgment for the debtor for fees and costs if it finds that the creditor's action was not "substantially justified," unless special circumstances would make the award unjust.

 The contours of "substantial justification" are inexact. The notion's application will necessarily be case specific.

*Pierce* and its bankruptcy progeny provide that if the debtor prevails against a § 523(a)(2) complaint the *creditor* must demonstrate[5] that its complaint was, despite its failure, "justified to a degree that could satisfy a reasonable person", *Pierce*, 487 U.S. at 565, 108 S.Ct. 2541 (under the EAJA, the meaning "most naturally conveyed by the phrase ["substantially justified"] is not 'justified to a high degree,' but rather 'justified in substance or in the main'"), or, as alternatively phrased by the *Pierce*, justified "for the most part." *Id.* at 566 n. 2., 108 S.Ct. 2541

 Some courts correctly consider that § 523(d)'s "substantial justification" inquiry, like that under the EAJA, calls for a "totality of the circumstances" review. *See In re Williams*, 224 B.R. at 531 (describing a totality of the circumstances approach as consistent with an abuse of discretion review); *Underwood v. Pierce*, 761 F.2d 1342, 1345–46 (9th Cir.1985) (applying a definition of "substantial justice (approved of and affirmed by the Supreme Court in *Pierce*) in reviewing an EAJA fee claim by considering 'the totality of the circumstances present prior to and during litigation,' " following Ninth Circuit precedent).

Many courts have pursued the inquiry by asking whether the action had: "(1) a reasonable basis in truth for the facts alleged, (2) a reasonable basis in law for the theory propounded, and (3) a reasonable support in the facts alleged for the legal theory advanced." *Brinker v. Guiffrida*, 798 F.2d 661, 664 (3d Cir.1986) (EAJA determination). *Accord American Express Travel Related Servs. Co. v. Baker (In re Baker)*, 206 B.R. 507, 509 (Bankr. N.D.Ill.1997) (§ 523(d) determination with same three factors in different sequence); *see also* 3 William L. Norton, Jr., *Bank-*

---

5. *See McDonald*, 884 F.2d at 1473 (1st Cir. 1989) (under EAJA, government must demonstrate substantial justification). It would make no sense to assign the debtor, having just prevailed against the creditor's complaint, the task of demonstrating a lack of substantial justification for the action. Demonstration of "special circumstances" that would block a fee award in the face of a court's finding that the complaint was not substantially justified is a matter appropriately left to the creditor, as well.

*ruptcy Law and Practice 2d*, § 47:62 at 47–164 (1997) (citing three part test articulated in *In re Baker*, describing them as required showings by the creditor).

We do not consider the "totality of the circumstances" approach to be meaningfully at odds with the three-point inquiry that some courts pursue, *see In re Williams*, 224 B.R. at 531 (the three factors help focus the bankruptcy court's inquiry on the appropriate aspects of the complaint), so long as bankruptcy courts do not let devotion to the three-point inquiry blind them to pertinent circumstances presented by the cases before them. A court's attention to them will help to provide a meaningful record for appellate review. *See Zeitler v. Zeitler (In re Zeitler)*, 221 B.R. 934, 937–39 (1st Cir. BAP 1998) (remanding in an abuse of discretion review of entry of default, counseling reference to the "good cause" factors of Federal Rule of Civil Procedure 55(c) "as "touchstones to be consulted and applied to the unique facts of each case," providing the appellate court with "some record that the judge's action was fairly considered in light of the pertinent principles."); *see also Pierce*, 487 U.S. at 564, 108 S.Ct. 2541 (the term "substantial justice" used by Congress in EAJA is subject to differing interpretations and, while it is "[in]appropriate to substitute for the formula that Congress has adopted any judicially crafted revision of it," there is "an obvious need to elaborate on the meaning of the phrase").

 Section 523(d)'s directive that the court "shall" award a successful defendant fees and costs cannot be overcome by a plaintiff's demonstration of pure motive alone. The plaintiff must show that it reviewed its legal position before filing suit to determine if it is substantially justified. *See First Nat'l Bank of Lincolnshire v. Cloud (In re Cloud)*, 107 B.R. 156, 159 (N.D.Ill.1989).[6] It goes without saying that if § 523(d) is to fulfill its purpose, its "substantial justification" provision must set a standard somewhat higher than that set by Federal Rule of Bankruptcy Procedure 9011.[7]

---

**6.** Bankruptcy procedures provide creditors with "ample opportunity" to investigate the merits of § 523(a)(2) claims before commencing an adversary proceeding. *AT & T Universal Card Servs. Corp. v. Grayson (In re Grayson)*, 199 B.R. 397, 402 (Bankr.W.D.Mo.1996) (noting that creditors may make inquiries at the § 341 meeting of creditors and that they may conduct a pre-suit examination of the debtor pursuant to Federal Rule of Bankruptcy Procedure 2004). *See also Mercantile Bank of Illinois v. Williamson (In re Williamson)*, 181 B.R. 403, 408 (Bankr.W.D.Mo.1995) (citing the creditor's failure to appear at the § 341 meeting and its failure to undertake a Rule 2004 meeting even after the grant of a 60 day extension in which to object to dischargeability as factors in the court's determination that the complaint was not "substantially justified"). Of course, it would go too far to say that a creditor must initiate such presuit investigations in every case or face a fees award if it does not prevail. There may be instances when, in view of all relevant circumstances, the creditor may demonstrate substantial justification notwithstanding its failure to take such steps before filing a § 523(a)(2) complaint. *See AT & T Universal Card Servs. Corp. v. Duplante (In re Duplante)*, 215 B.R. 444, 450 n. 17 (9th Cir. BAP 1997) (a split panel reversing the bankruptcy court's § 523(d) award, finding the plaintiff's reliance on debtor's schedules and statement of financial affairs sufficient under the circumstances, rejecting a "per se rule requiring all plaintiffs to engage in pre-litigation discovery or attend creditors' meetings in order to defeat a request for attorney's fees under section 523(d)")

**7.** Rule 9011 requires that those signing pleadings certify to the court that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading is not presented for any "improper purpose;" that the claims and defenses it presents are "warranted by existing law" or by a "nonfrivolous argument" that existing law should be extended, modified, or reversed or that new law should be established; that factual allegations are supported by evidence or are likely to be supported by evidence after discovery; and that denials of factual allegations are warranted by the evidence or "reasonably based on a lack of information or belief." Fed. R.Bankr.P. 9011. *See Pierce*, 487 U.S. at 566, 108 S.Ct. 2541 ("To be substantially justified means, of course, more than merely undeserving of sanctions for frivolousness.")

210

The majority of courts correctly recognize that the trial court must assess the creditor's justification for litigation not only at the complaint's filing, but throughout the litigation until judgment is entered. As the Second Circuit's Bankruptcy Appellate Panel has observed:

We think it unlikely that Congress intended to permit a creditor to continue to prosecute a proceeding against a debtor with limited resources with impunity after that creditor discovers its cause of action is without merit. A creditor must bring its claim against a debtor in good faith and, likewise, abandon its claim once it learns that the case is not substantially justified. If the creditor continues with its case past the point of substantial justification, it must be made to pay the [d]ebtor's attorneys' fees in defending against the action. Conversely, if a creditor's pretrial investigation and discovery show that its claim against the debtor is not substantially justified and withdraws its claim, it should not be required to pay attorneys' fees to the debtor.

*In re Williams*, 224 B.R. at 530 (collecting cases in support of its holding that "the creditor must be substantially justified at all times through trial to be insulated from paying attorney fees under § 523(d)").

b. **Special Circumstances**

The contours of the "special circumstances" that might enable a creditor to escape a fee award when its action was not substantially justified is, if anything, even less well defined. However, as the Seventh Circuit has observed,

It is true that section 523(d), like the Equal Access to Justice Act on which it is modeled, authorizes the denial of an award of attorney's fees on the ground of "special circumstances." But we do not view this authorization as a license to the bankruptcy judge to base decision [sic] on idiosyncratic notions of equity, fair dealing, or ..., family justice. The exception should be interpreted with reference to "*traditional* equitable principles."

*In re Hingson*, 954 F.2d at 429-30 (citation omitted). *Accord Parker v. Grant (In re Grant)*, 237 B.R. 97, 121 (Bankr.E.D.Va. 1999) (noting that the case law construing the term is "sparse"); *Carthage Bank v. Kirkland*, 121 B.R. 496, 500 (S.D.Miss. 1990); *see also Oguachuba v. INS*, 706 F.2d 93, 98 (2d Cir.1983) (EAJA case concluding that the "special circumstances" facet of the EAJA "explicitly directs a court to apply traditional equitable principles"). *See, e.g., In re Grant*, 237 B.R. at 121-23 (debtor/defendant's invocation of the Fifth Amendment not sufficient to establish special circumstances under § 523(d)); *Kirkland*, 121 B.R. at 500-504 (abbreviated initial meeting of creditors, defendant's resistance to and vague and evasive responses in a deposition, materially false financial statements made without the intent to deceive; the good faith conduct of the creditor; the debtor's ability to repay the debt; and the debtor's "frame of mind" towards the creditor "are not sufficient special circumstances"). In sum, determination of "special circumstances" is an exercise in equity. It is an undertaking that can be accomplished fluidly in the course of the § 523(d) totality of the circumstances review, with the court's discretion constrained by traditional limitations on its equitable powers.

c. **Pertinent Procedures**

The bankruptcy court may, in most circumstances, reach its § 523(d) fee award determination without the necessity of an evidentiary hearing. Seldom will facts be in dispute. Rather, the court will merely be applying statutory standards to a fully developed record. In such cases, so long as the creditor has notice and an opportunity to respond, due process will be satisfied. *See In re Williams*, 224 B.R. at 527 & n. 3. A fees contest should not spawn a second lawsuit. *See Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

### 4. The Case Before Us

The bankruptcy court granted summary judgment to the debtor, concluding that Bridgewater could not reasonably rely on a "virtually blank" written credit application submitted by a debtor with whom it had not previously dealt. The following colloquy ensued:

> *Ms. McCarthy* [for the debtor]: Thank you, Your Honor, I have a motion for fees, as well.
>
> *The Court:* I'm going to deny that because I don't think *you've met the test of [§ 523](d)*. It wasn't altogether clear that they were doing something that would bring in fees. Motion for summary judgment is granted without more. Motion for fees is denied.
>
> *Mr. Frankel* [for Bridgewater]: Thank you, Your Honor.
>
> *Ms. McCarthy:* Thank you, Your Honor.

(J.A.Ex. S at 7) (emphasis supplied.)

That exchange gives us little meat. "[W]hen[,] as in the present case[,] the trier of fact gives no reasons for his discretionary determination, appellate review is exceedingly difficult unless the ground and merit of the determination are clear." *In re Hingson,* 954 F.2d at 429. *Accord In re Zeitler,* 221 B.R. at 939. The "ground and merit" for denying McCarthy his fees and costs is far from clear. Indeed, the only point to emerge with clarity is that the bankruptcy judge considered it was McCarthy's burden to demonstrate his entitlement to such an award. As we have seen, however, given his success in defending Bridgewater's complaint, he was entitled to his fees and costs unless Bridgewater demonstrated its complaint was "substantially justified" or that "special circumstances" would render such an award unjust. *See supra* note 5. It was incorrect for the bankruptcy judge to require McCarthy to do more to demonstrate his entitlement at that stage. Thus, this case must go back to the bankruptcy court for further proceedings.

### Conclusion

The bankruptcy court's order denying McCarthy judgment for fees and costs is VACATED and the case is REMANDED to the bankruptcy court for further proceedings consistent with this opinion.