**In re Elsie C. STINE, Debtor.**

**Elsie C. Stine, Appellant,**

**v.**

**John F. Flynn, Appellee.**

**BAP No. CC–99–1780–RIPMA.**

**Bankruptcy No. LA 99–20051–ER.**

**Adversary No. LA 99–02161–ER.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 21, 2000.

Filed Oct. 4, 2000.

Claudia Kloss, Venice, CA, for Elsie C. Stine.

John F. Flynn, Downey, CA, pro se.

Before: RIMEL[1], PERRIS and MARLAR, Bankruptcy Judges.

## *OPINION*

RIMEL, Bankruptcy Judge.

Appellant Elsie C. Stine appeals the bankruptcy court's order denying attorney's fees under 11 U.S.C. § 523(d) after the bankruptcy court had granted Stine judgment on the pleadings.[2] In denying Stine's motion for attorney's fees, the bankruptcy court held that John F. Flynn's complaint was substantially justified (had "some substantial basis"), and

.   Hon. Whitney Rimel, Bankruptcy Judge for the Eastern District of California, sitting by designation.

.   Unless otherwise indicated, all references to "section" or "chapter" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330. Rule references are to the Federal Rules of Bankruptcy

that special circumstances precluded an award of fees. We REVERSE.

## I.   FACTS

Elsie Stine and John Flynn (her adult son) lived separately in two houses located on a single piece of real property in Downey, California. Elsie Stine filed a chapter 7 petition on March 17, 1999. Prior to Stine filing her bankruptcy case, Flynn had filed two small claims court actions against her and obtained judgments in the amounts, respectively, of $1,041 and $1,334.26. The small claims court actions resulted from debts incurred by Stine for her share of mortgage, taxes, and insurance on the houses and for improvements to one house. The houses were the homes of the parties. Stine lived in one house. Flynn lived in the other.

On June 9, 1999, Flynn filed, in *pro se*, an adversary complaint against Stine requesting a determination of nondischargeability of the small claims court judgments. In response, Stine filed a letter addressed to the court, entitled "Written Pleading in Response to Complaint." In the letter, Stine addressed and briefly discussed Mr. Flynn's allegations paragraph by paragraph.

Shortly thereafter, Stine obtained an attorney, Claudia Kloss, from the Public Counsel's Debtor Assistance Program.[3] Kloss represented Stine on a *pro bono* basis in the adversary proceeding.

Stine then filed a motion for judgment on the pleadings pursuant to Fed. R.Bankr.P. 7012(c), asserting that the complaint failed to state a claim upon which relief could be granted and requesting that the bankruptcy court dismiss the complaint and award her attorney's fees pursuant to § 523(d). Stine also filed a mo-

Procedure ("Fed.R.Bankr.P."), which make applicable certain Federal Rules of Civil Procedure ("Fed.R.Civ.P.").

.   The Public Counsel's Debtor Assistance Program provides *pro bono* representation by volunteer attorneys to debtors in need.

tion for leave to file an amended answer and a counterclaim.

Flynn filed an opposition to Stine's motion and, as part of the opposition, stated that Stine's bankruptcy schedules contained false statements, claims, and oaths. Flynn asserted that Stine falsely identified the co-ownership of real property she shared with Flynn by failing to indicate that a joint tenancy existed (she said she owned a one-half interest); that Stine failed to list Flynn as a codebtor in schedules D and H; that Stine falsely stated in her Schedule I that she receives $1,400 each month from Flynn (he stated that he pays the mortgage in about this amount but does not give it to her); and that Stine falsely stated in her Schedule J and her Statement of Financial Affairs that she has a $1,443 monthly mortgage payment (he stated that he pays it). None of the allegations in the complaint are based on these assertions.

The bankruptcy court granted Stine's motion for judgment on the pleadings without leave to amend and denied Flynn's cross motion for summary adjudication.[4] The order stated, "Flynn's motion for summary adjudication ... is denied on the ground that Flynn has not alleged sufficient facts to prove fraud, and would not be able to do so in light of the facts already alleged if leave to amend was granted."

Stine then moved under § 523(d) for an award of attorney's fees and costs of $9,374.41, for a total of 103 hours of time spent by Ms. Kloss, whose hourly rate is $100. Flynn opposed the motion, asserting that he was substantially justified in filing the complaint and that § 523(d) was inapplicable because the debts that were the subject of the adversary complaint were not consumer debts. He also asserted that the existence of special circumstances precluded an award of attorney's

fees under § 523(d). Stine's reply laid out her argument for attorney's fees under § 523(d) in greater detail. Stine maintained that she was entitled to attorney's fees because the debts were consumer debts under § 101(8), Flynn had filed the complaint to determine the debts nondischargeable without substantial justification, and the debts had been discharged.

The bankruptcy court denied Stine's request for attorney's fees. The bankruptcy court stated that it was denying Stine's request for two reasons: Flynn had "some substantial basis" for bringing the dischargeability complaint and a determination of the equities of the case precluded the court from awarding attorney's fees.

## II. ISSUE

The issue is whether the bankruptcy court abused its discretion in denying fees and costs under § 523(d).

## III. STANDARD OF REVIEW

■ Denial of an award of attorney's fees and costs under § 523(d) is reviewed for an abuse of discretion. *In re Duplante*, 215 B.R. 444, 446 (9th Cir. BAP 1997). Under the abuse of discretion standard, a reviewing court will not reverse unless it has a definite and firm conviction that the court below committed clear error of judgment in the conclusion it reached upon weighing the relevant factors. *In re Cortez*, 191 B.R. 174, 177 (9th Cir. BAP 1995). A court abuses its discretion if it bases its decision on an erroneous legal standard or on clearly erroneous findings of fact. *Smith v. Marsh*, 194 F.3d 1045, 1049 (9th Cir.1999).

The abuse of discretion standard is appropriate because some of the elements that bear upon whether the creditor's position was substantially justified may be known only to the bankruptcy court. *In*

4. At a September 16, 1999 status conference in the adversary proceeding, the bankruptcy court said to Flynn, "What you're telling me, I think is that in addition to the 523(a) allega-tion, you want to possibly amend your complaint to state a 727 denial of discharge cause of action." Although Flynn responded "yes," he did not move to amend his complaint.

*re Williams,* 224 B.R. 523, 528 (2nd Cir. BAP 1998), quoting *United States v. $19,047.00 in U.S. Currency,* 95 F.3d 248, 251 (2nd Cir.1996).

■ The abuse of discretion standard does not render trial court decisions impervious to scrutiny. "A lower court's decision will be overturned when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." (Citations omitted). *In re McCarthy,* 243 B.R. 203, 207 (1st Cir. BAP 2000).

## IV. DISCUSSION

### A. *Standard for Award of Fees.*

Section 523(d) states,

If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

■ In order to prevail on a motion for attorney's fees under § 523(d), a debtor must prove that the creditor requested a determination of the dischargeability of the debt, the debt is a consumer debt, and the debt was discharged. Once the debtor establishes these elements, the burden shifts to the creditor to prove that its actions were substantially justified. *In re Harvey,* 172 B.R. 314, 317 (9th Cir. BAP 1994). "To avoid a fee award, a creditor must show that it had a reasonable basis in law or fact to file an action, or otherwise demonstrate the existence of special circumstances." *In re Duplante,* 215 B.R. at

449, quoting *In re Carolan,* 204 B.R. 980, 987 (9th Cir. BAP 1996).

### B. *Consumer Debt.*

Flynn held two small claims court judgments against Stine for household repairs and mortgage payments relating to real property they owned jointly. Flynn argues that these judgments are not consumer debts.

■ Section 101(8) defines "consumer debt" as "debt incurred by an individual primarily for a personal, family, or household purpose." Debts incurred by the debtor with a profit motive are not consumer debts. *In re Booth,* 858 F.2d 1051, 1055 (5th Cir.1988). It is the purpose for which the debt was incurred that determines whether it is a consumer debt. *In re Kelly,* 841 F.2d 908, 913 (9th Cir.1988). The Bankruptcy Code's definition of consumer debt is adapted from the definition used in various consumer protection laws. H.Rep. No. 95–595, 95th Cong. 1st Sess. 309 (1977); S.Rep. No. 95–989, 2nd Sess. 22 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5808.

■ Although there are comments in the legislative history of the Bankruptcy Code that a consumer debt does not include debts secured by real property (an argument made by Flynn in his opposition to Stine's motion for an award of attorney's fees),[5] the Ninth Circuit Court of Appeals has stated that these remarks contradict the plain meaning of the statute itself. *In re Kelly,* 841 F.2d at 912. "The statutory scheme so clearly contemplates that consumer debt include debt secured by real property that there is no room left for any other conclusion." *Id.* The *Kelly* court stated, "[i]t is difficult to conceive of any expenditure that serves a 'family ... or household purpose' more directly than does the purchase of a home and the making of improvements thereon." *Id.* at 913.

---

**5.** Stine's obligation to Flynn concerned real property but was not secured by it.

In this case, the debts were the two small claims court judgments against Stine: one arising from money lent to Stine by Flynn so she could install a heating unit (although according to Flynn, she used the money to remodel the kitchen) and the other for mortgage, property insurance, and tax payments made on behalf of Stine by Flynn. The debts were incurred for personal, family, and household purposes. Accordingly, the debts are consumer debts as defined by § 101(8).

Because Flynn had requested the determination of dischargeability, the debts were consumer debts, and the debts were discharged, the burden shifted to Flynn to prove that the complaint was substantially justified.

C. *Substantially Justified.*

Section 523(d) was intended to discourage creditors from initiating meritless actions based on § 523(a)(2) in the hope of obtaining a settlement from an honest debtor anxious to save attorney's fees [citation omitted]. However, this concern must be balanced against the risk that imposing the expense of the debtor's attorney's fees and costs on the creditor may chill creditor efforts to have debts that were procured through fraud declared nondischargeable. *In re Carolan,* 204 B.R. at 987. However, there is no presumption that the creditor was not substantially justified simply because it did not prevail. *Id.* Stine contends that the bankruptcy court erred in holding that Flynn's complaint was substantially justified.

The bankruptcy court granted Stine's motion for judgment on the pleadings without leave to amend. The court also denied Flynn's cross motion for summary adjudication under § 523(a)(2)(A) stating, "Flynn has not alleged sufficient facts to prove fraud, and would not be able to do so in light of the facts already alleged if leave to amend was granted." The bankruptcy court thus concluded that the allegations in Flynn's complaint were insufficient to prove nondischargeability and that no amendment of the complaint could cure the problem.

At the hearing on the motion for attorney's fees, the bankruptcy court reiterated that there was no basis for Flynn's complaint and articulated what it believed was the erroneous basis for filing the complaint:

> THE COURT: [I]t appears to the court that what underlyed [sic] the complaint was really the two state court judgments, and the state court judgments, I think Mr. Flynn tried to argue, should be res judicata or collateral estoppel, be given collateral estoppel effect by this Court. And, of course, taking a look at that, and taking a look at the judgment, it was this Court's decision that you couldn't find fraud there, and it wasn't the basis for a 523 action.

In all fairness to Mr. Flynn, the type of argument he was making is the type of argument that has been made by counsel, by admitted counsel, that simply don't understand that just because you have a judgment, it doesn't necessarily mean that its going to be nondischargeable.

Flynn was unable to show that he had a reasonable basis in law or fact to file his complaint. Having stated that there was no basis for Flynn's complaint, however, the bankruptcy court immediately went on to say,

> THE COURT: So, in other words, I find that there was some substantial basis for bringing the dischargeability complaint, and also there were a number of facts, I think that although it was difficult for the Court to find that there was not a sufficient basis in fraud, it appeared to the Court that, given the context of this motion, where the Court can take a look at many of the underlying facts or issues, that Ms. Stine, I think, was not—how should I put it?—perhaps not knowingly, but I think was

making statements in her petition which were not entirely correct, and taking positions, factually, in her papers that were not correct, and actually took it upon herself to answer the complaint deficiently.

It was only through the result of counsel here, whose efforts I do laud—and I wish I could find some way to compensate counsel for taking these cases on, but I think, given the facts and circumstances of this particular action, I can't find that 523(d) should apply such that fees ought to be paid by Mr. Flynn.

All right. If you have anything to say, please let me know.

MR. KLOSS: I didn't quite get the part—did you say that Ms. Stine did make false statements in her bankruptcy petition?

THE COURT: Well, there's an argument that she indicated that she did not have an interest in property, which doesn't appear to be entirely correct. I don't want to make too much of that, because obviously it doesn't play any role in the adversary, but it is, I think, part of the facts that the Court needs to make determination of where the equities lie, and I think that's basically what the Court is doing, is acting as a court of equity, and making a determination whether there will be attorney's fees that will be paid by Mr. Flynn on an action which the Court feels was not without some basis.

The court never set forth the findings of fact that led it to conclude that the complaint had "some substantial basis." There is no indication in the record that the complaint was substantially justified. The bankruptcy court's conclusion seems to have been based on the inaccuracies in Stine's schedules, not on the merits of the adversary proceeding. As the court recognized, the inaccuracies in the schedules had nothing to do with the dischargeability action. The bankruptcy court clearly erred in finding that John Flynn was sub-stantially justified in bringing the adversary proceeding.

### D. *Special Circumstances.*

■ Even if the complaint were not substantially justified, special circumstances may make an award of attorney's fees unjust. Stine contends that the bankruptcy court erred in holding in the alternative that special circumstances existed which precluded an award of attorney's fees under § 523(d).

■ In *In re McCarthy*, the First Circuit Bankruptcy Appellate Panel observed that the meaning of "special circumstances" in this context is not well defined. 243 B.R. at 209. Nonetheless, the court's authority under § 523(d) to deny attorney's fees on the ground of special circumstances is not "a license to the bankruptcy judge to make decision[s] on idiosyncratic notions of equity, fair dealing, or family justice. The exception should be interpreted with reference to 'traditional equitable principles.'" *Id.*, quoting *In re Hingson*, 954 F.2d 428, 429–30 (7th Cir. 1992).

The bankruptcy court stated that in deciding whether to award fees it needed to make a "determination of where the equities lie." The bankruptcy court also asked several questions of Ms. Kloss, Stine's attorney, regarding the purpose of § 523(d) and its relation to *pro bono* attorneys:

THE COURT: [Y]ou were appearing— or giving representation to Ms. Stine pro bono. Is that correct?

MS. KLOSS: That is correct, yes.

THE COURT: So how is it that—Ms. Stine, then, is not out of pocket any money. Is that correct?

MS. KLOSS: No, except that she feels obliged to pay, if Mr. Flynn doesn't.

THE COURT: All right. Because that's my question. Usually the subsection 523(d), as I see it, is to compensate an individual who was put through expense—more than an individual—a par-

ty put through the expense of a 523 action.

MS. KLOSS: Right, but our public counsel actually encourages their volunteers to bring these motions so that they can maintain this program and find volunteer attorneys for it. I'm to represent these—the Debtors, where it was dischargeable, two [sic] complaints that have no merit.

THE COURT: Okay ... I'm not sure that's the purpose of 523(d). . . .

The court did not state explicitly that special circumstances made an award of attorney's fees unjust. However, in explaining its rationale for denying attorney's fees, the court addressed the inadequate schedules, the *pro bono* representation and, generally, the "equities." We treat those comments as consideration of special circumstances as an alternative basis for the denial of fees.

■ To the extent that the bankruptcy court found that the inaccuracies in Stine's petition and schedules of assets and liabilities constitute special circumstances, the court erred. Although the court appeared troubled by the inaccuracies, the court also said that the inaccuracies "obviously" did not play any role in the adversary proceeding.

■ To the extent that the bankruptcy court considered Stine's *pro bono* representation a special circumstance that would make an award of attorney's fees unjust, the court also erred. In *Legal Aid Society of Northwest North Carolina v. Burns,* a district court analyzed whether a non-profit attorney was entitled to attorney's fees for representing the debtor in the bankruptcy case. 80 B.R. 764 (M.D.N.C.1987). In that case, the court concluded that there was no authority to deny attorney's fees solely on account of an attorney's non-profit status. *Id.* at 766. The court analogized to awards of attorney's fees in civil rights cases under 42 U.S.C. § 1988. In that context, the Su-

preme Court has held that reasonable fees are to be calculated according to prevailing market rates "regardless of whether plaintiff is represented by private or non-profit counsel." *Id.,* quoting *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

■ The plain meaning of a statute should be conclusive except in the rare cases in which the literal application of the statute would produce a result demonstrably at odds with the intentions of its drafters. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). The language of § 523(d) does not limit an award of costs and fees to private attorneys. Furthermore, § 523(d) was intended to discourage creditors from initiating meritless actions based on § 523(a)(2) in the hope of obtaining a settlement from an honest debtor. *In re Carolan,* 204 B.R. at 987. Precluding an award of attorney's fees when the debtor is represented by *pro bono* counsel would defeat the intent of Congress. The bankruptcy court's findings do not support a conclusion that special circumstances existed.

## V. CONCLUSION

Section 523(d) requires that attorney's fees be awarded to a successful debtor in a dischargeability action concerning a consumer debt unless the creditor's position is substantially justified or special circumstances exist. The bankruptcy court's conclusion that Flynn's position was substantially justified was clearly erroneous. Its alternative conclusion that special circumstances existed was based on an erroneous interpretation of § 523(d). Therefore, the court abused its discretion in denying attorney's fees, and we REVERSE. We remand to the bankruptcy court to determine reasonable attorney's fees under § 523(d).