In re Lulu DAYTON Debtor.

Sears Roebuck & Co., Plaintiff,

v.

Lulu Dayton, Defendant.

Bankruptcy No. 02–33577DM.
Adversary No. 03–3297DM.

United States Bankruptcy Court,
N.D. California.

Feb. 24, 2004.

Peter N. Hadiaris, Law Offices of Peter N. Hadiaris, San Francisco, CA, for debtor/defendant.

David W. Thompson, Law Offices of James G. Schwartz, Pleasanton, CA, for plaintiff.

## MEMORANDUM DECISION ON MOTION FOR ATTORNEY'S FEES UNDER 11 U.S.C. § 523(d)

DENNIS MONTALI, Bankruptcy Judge.

### I. Introduction

The Court has considered the Motion for an Award of Attorney's Fees ("Motion") under 11 U.S.C. § 523(d)[1] filed by counsel for Lulu Dayton ("debtor") seeking recovery of attorney's fees from plaintiff Sears Roebuck & Co. ("Sears"). Upon review of the Motion and all of the papers and arguments of counsel, the court concludes that debtor is entitled to recover attorney's fees under section 523(d), including fees for bringing the Motion.

### II. Background[2]

In November of 1997, Sears National Bank, a corporate subsidiary of Sears, issued debtor a MasterCard. On October 10, 2002, debtor used her Sears MasterCard to pay $1,127.00 to the San Francisco Department of Parking and Traffic for parking fees and fines. In the same month, debtor also incurred about $700.00 of additional charges on the account. On December 20, 2002, debtor filed a chapter 7 bankruptcy petition. Debtor retained counsel, paying a flat fee of $595.00 for handling the bankruptcy case. $200.00 for the defense of possible non-dischargeability actions was included in the $595.00 payment.

On March 21, 2003, Sears commenced this adversary proceeding against debtor based on the presumption of fraud under section 523(a)(2)(C).[3] On July 16, 2003, a trial was held to determine the dischargeability of the debt. Sears failed to demonstrate to the court that debtor's payment of parking fees and fines with her credit card constituted a cash advance within section 523(a)(2)(C). The court entered judgment in favor of debtor on July 28, 2003. On September 29, 2003, debtor filed a mo-

---

1. Unless otherwise indicated, all section and rule references are to the Bankruptcy Code, 11 U.S.C. section 101–1330 and the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

2. The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr.P. 7052(a).

3. Section 523(a)(2)(C) provides in relevant part:
 (C) for purposes of subparagraph (A) of this paragraph, consumer debts owed to a single creditor and aggregating more than $1,075 for "luxury goods or services" incurred by an individual debtor on or within 60 days before the order for relief under this title, or cash advances aggregating more than $1,075 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 60 days before the order for relief under this title, are presumed to be nondischargeable.
 11 U.S.C. § 523(a)(2)(C).

tion for an award of attorney's fees under section 523(d) for $4,585.00.[4]

### III. Issues

A. Whether debtor can be awarded for attorney's fees pursuant to section 523(d).

B. Whether debtor can recover the market rate for attorney's fees.

C. Whether debtor can recover attorney's fees for the time spent making the Motion.

### IV. Analysis

A. Debtor is entitled to recover attorney's fees.

■■■ Section 523(d) authorizes payment of attorney's fees when the court finds that the creditor was not substantially justified in bringing the dischargeability action. 11 U.S.C. § 523(d).[5] The burden is on the creditor to demonstrate that the action was substantially justified. *Elsie Stine v. John Flynn (In re Stine)*, 254 B.R. 244, 249 (9th Cir. BAP 2000); *First Card v. Rory Hunt (In re Hunt)*, 238 F.3d 1098, 1103 (9th Cir.2001). As recognized by BAP, however, the creditor does not have to win the dischargeability suit. *Stine*, 254 B.R. at 250. It is sufficient for the creditor to show that it "had a reasonable basis in law or fact, or special circum-

stances existed." *Id.* at 244 (citations omitted).

■■■ In this present case, Sears has not provided any evidence that its actions were reasonably based in law or fact. Sears argues that it "had substantial justification for filing a complaint" without providing this Court with any support for its position. Sears based its entire case on the premise that the payment of parking fees and fines with a credit card was a cash advance under section 523(a)(2)(C). Sears did not attempt to prove liability under section 523(a)(2)(A).[6] This court finds that Sears was not substantially justified in bringing the non-dischargeability action against debtor.

Debtor's credit card statement itself indicates that the payment of parking fees and fines is not a cash advance. The credit card statement shows one payment to the San Francisco Department of Parking and Traffic in the amount of $1,127.00 on October 10, 2002. There is no notation listed on the statement that indicates this was a cash advance. Moreover, the charge for parking fees and fines appears the same as the non-cash advance charges listed on the account statement.

■■■ Based on the purpose of section 523(a)(2)(C) and the legislative history, the payment of parking fines and fees is not a

---

4. $4,585.00 is derived from 26.2 hours at a rate of $175.00 per hour.

5. Section 523(d) provides:

> (d) If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

11 U.S.C. § 523(d).

6. Section 523(a)(2)(A) provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-...
> (2) for money, property, services or an extension or refinancing of credit, to the extent obtained by-
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition [.]

11 U.S.C. § 523(a)(2)(A).

cash advance. *See* S.R. Rep. No. 98–65 at 9. Congressional concern over "loading up" by a debtor prior to bankruptcy lead to the amendment of the Bankruptcy Code in 1984.[7] *Id.* The Senate Report provides:

A debtor planning a[sic] file a petition with the bankruptcy court has a strong economic incentive to incur dischargeable debts for either consumable goods or exempt property. In many instances, the debtor will go on a credit buying spree in contemplation of bankruptcy at a time when the debtor is insolvent.

S.R. Rep. No. 98–65 at 9; *Citibank (South Dakota), N.A. v. Amjad Eashai (In re Eashai)*, 87 F.3d 1082, 1092 (9th Cir.1996) ("Congress enacted 11 U.S.C. section 523(a)(2)(C) to address the problem of the debtor who goes on a spending spree by charging the limits on his credit card and then requests discharge of this credit card debt in bankruptcy"). Congress was concerned about debtors loading up and engaging in shopping sprees within 40 days of the filing of the bankruptcy petition.[8] S.R. Rep. No. 98–65 at 9. Debtor did not purchase any goods, nor receive any services, in excess of $700.00 and Sears has not sought dischargeability on that amount alone. Debtor's use of the credit card to pay parking fees is not consistent with loading up on consumer goods nor with a shopping spree prior to filing bankruptcy.

In a dischargeability action under section 523(a)(2)(C), the United States District Court for the Southern District of New York rejected the creditor's claim that debtor's balance transfer was a cash advance. *Citicorp Nat'l Credit & Mortgage Services for Citibank v. Linda Welch (In re Welch)*, 208 B.R. 107, 111 (S.D.N.Y. 1997); *see also Nat'l City Bank v. Thomas*

*Manning (In re Manning)*, 280 B.R. 171, 183–184 (Bankr.S.D.Ohio 2002) (balance transfer does not constitute a cash advance). For the creditor "to satisfy its burden of proof, [it] needed to establish the actual cash advances that [the debtor] received, either through the ATM withdrawals, or by drafting checks for 'cash' ". *Welch,* 208 B.R. at 111. Based on the District Court's analysis, cash advances require the use of an ATM or checks drawn on the credit card account that are deposited for cash. *Id.* There is no evidence here that debtor received cash as any part of the transaction between her and the San Francisco Department of Parking and Traffic. Debtor's payment of the parking fees and fines with her credit card issued by Sears, does not constitute a cash advance.

Sears has failed to provide any evidence that the non-dischargeability action was substantially justified. The court's independent research clearly demonstrates that there is no reasonable basis in law or fact to characterize the payment of parking fines and fees as a cash advance subject to non-dischargeability under section 523(a)(2)(C).

**B. Debtor is Entitled to Receive an Award Based on the Market–Rate of Services, despite the attorney-client agreement.**

■ Sears argues that because debtor and her attorney allocated $200.00 of the total payment to an non-dischargeability defense, an award greater than $200.00 would be unjust. Debtor responds that the attorney—client agreement is not controlling, and based on Equal Access to Justice ("EAJA") litigation, the fee award

---

7. The Bankruptcy Amendments and Federal Judgeship Act of 1984, effective July 10, 1984, amended section 523(a)(2) by adding subparagraph (C).

8. The 40 day presumption has been extended to 60 days under 11 U.S.C. § 523(a)(2)(C).

should be based on the market rate of services. The court agrees.

 As argued by debtor, the use of EAJA as a model for attorney's fee awards is appropriate in the context of section 523(d). *Hunt,* 238 F.3d at 1101. "[S]ection 523(d) contains the same 'substantially justified' language as the EAJA and was modeled on it". *Id.;* H.R.Rep. No. 96–1418 at 5.[9] The market rate should be awarded *"regardless of the fee agreements between the attorney and client".* H.R.Rep. No. 96–1418 at 5 (emphasis added). Here, consistent with EAJA, despite the agreement between debtor and her attorney, debtor should receive an award based on the market rate of services multiplied by the hours spent. *Id.*

 By allowing debtor to recover less than the prevailing market rate for attorney's fees the purpose of section 523(d) would be violated. The purpose of section 523(d) is "to discourage creditors from initiating .... exception to discharge actions in hopes of obtaining a settlement from an honest debtor anxious to save attorney fees". *Daniel Barch v. John Cokkinias (In re Cokkinias),* 28 B.R. 304, 307 (Bankr. D.Mass.1983) (citations omitted) (the bankruptcy court awarded the debtor attorney's fees and costs under section 523(d)). By awarding less than the market rate for attorney's fees, the court would not deter creditors from bringing frivolous non-dischargeability actions.

 Sears has not specifically challenged the hourly rate charged by debtor's counsel as unreasonable. Based on the court's experience, the hourly rate of

$175.00 charged by debtor's counsel, and the time expended by him in this case, are reasonable.

**C. Debtor's is Entitled to Receive Attorney's Fees for making a Motion to Receive Fees.**

 In the request for payment of attorney's fees, debtor included an additional $875.00 for time spent preparing and prosecution of the motion for attorney's fees. Debtor argues that in EAJA litigation, attorney's fees incurred in making the motion to receive attorney's fees are awarded, and by analogy should be awarded here. Debtor is correct.

 In EAJA litigation, once the court determines that the action was not substantially justified, the claimant can receive attorney's fees including the attorney's fees to get the fee award. *INS v. Jean,* 496 U.S. 154, 163, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). As previously discussed, section 523(d) is modeled on the EAJA and therefore, it is appropriate to award attorney's fees for bringing the motion to receive attorney's fees. *Hunt,* 238 F.3d at 1101; H.R.Rep. No. 96–1418 at 5. This view is also consistent with the bankruptcy code. 11 U.S.C. § 330.

Under section 330, the Ninth Circuit awarded attorney's fees for the time spent by counsel on a fee application. *In re Nucorp Energy, Inc.,* 764 F.2d 655, 658–659 (9th Cir.1985). The Ninth Circuit reasoned that because fee applications are statutorily required, attorneys should be compensated for the time spent preparing

---

9. H.R. Rep No. 96–1418 at 15 states in relevant part:

The Committee, after due consideration, has concluded that amendment of this provision to incorporate the standard for award of attorney fees contained in Equal Access to Justice Act strikes the appropriate

balance between protecting the debtor from unreasonable challenges to the dischargeability of debts and not deterring creditors from making challenges when it is reasonable to do so.

H.R.Rep. No. 96–1418.

the fee application. *Id.* Similar to section 330, section 523 expressly provides for the award of attorney's fees. 11 U.S.C. § 523(d). Moreover, since section 523(d) expressly provides for an award of attorney's fees, it makes no sense not to include fees incurred in making the motion.

### V. Disposition

For reasons stated above, the court is awarding debtor attorney's fees in the amount of $4,585.00. The court is concurrently entering an order consistent with the memorandum decision.