FILED

FEB 18 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**ORDERED PUBLISHED**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No.   NV-13-1034-TaJuKi |
| | ) | |
| CHARTRI DAECHARKHOM, | ) | Bk. No.   2:11-bk-13396-LED |
| | ) | |
| Debtor. | ) | Adv. No.  2:11-ap-01152-LED |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| CHARTRI DAECHARKHOM, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **O P I N I O N** |
| | ) | |
| WAUGH REAL ESTATE HOLDINGS, | ) | |
| LLC, | ) | |
| | ) | |
| Appellee. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

Argued and Submitted on January 24, 2014
at Las Vegas, Nevada

Filed - February 18, 2014

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Thad J. Collins,[*] Bankruptcy Judge, Presiding

Appearances:    Christopher Burke argued for appellant Chartri Daecharkhom; Kathryn Holbert of the Law Office of Brian D. Shapiro, LLC argued for appellee Waugh Real Estate Holdings, LLC.

Before:   TAYLOR, JURY, and KIRSCHER, Bankruptcy Judges.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

[*] United States Bankruptcy Judge for the Northern District of Iowa, sitting by designation.

TAYLOR, Bankruptcy Judge:

Chartri Daecharkhom (the "Debtor") appeals from the bankruptcy court's order awarding less than the full amount of his requested attorney's fees and costs under § 523(d).[1] The bankruptcy court determined that creditor Waugh Real Estate Holdings, LLC ("Waugh") was not substantially justified in pursuing a § 523(a)(2) nondischargeability action on a consumer debt and that the requested fees and costs were reasonable. It then awarded reduced fees and costs based on a determination that special circumstances justified reduction.

We hold that a special circumstances determination within the meaning of § 523(d) requires a complete disallowance of fees and costs. We also conclude on this record that special circumstances justifying fee disallowance did not exist. Thus, we REVERSE and REMAND.

## FACTS[2]

Waugh filed an adversary complaint against the Debtor and sought a nondischargeability determination under § 523(a)(2). The allegedly nondischargeable debt arose in the context of a consumer mortgage loan. The bankruptcy court entered a judgment after trial in favor of the Debtor. Afterward, the Debtor moved

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2] Many of the relevant background facts in this case are set forth in the bankruptcy court's opinion granting judgment for the Debtor. See Waugh Real Estate Holdings, LLC v. Daecharkhom (In re Daecharkhom), 481 B.R. 641 (Bankr. D. Nev. 2012).

2

for an award of fees and costs under § 523(d), contending that Waugh's nondischargeability action was not substantially justified within the meaning of the same statutory provision; in particular, he sought $8,441.50 in fees and $14.80 in costs.

The bankruptcy court heard the matter and orally granted the Debtor's motion. There was considerable argument about substantial justification, but the bankruptcy court focused, among other things, on Waugh's failure to advance any evidence at trial of the original lender's reliance on the Debtor's allegedly fraudulent statements. It ultimately found that Waugh proceeded without substantial justification, so it then examined the fee request. The bankruptcy court expressed discomfort with a full fee award, but concluded, after review, that the requested fees and costs were reasonable. Notwithstanding these conclusions, the bankruptcy court then awarded reduced fees of $4,500. In doing so, the bankruptcy court announced that it "pick[ed] the number out of the air a little bit" and that its decision was informed by the "special circumstances" exception of § 523(d). Hr'g Tr. (Dec. 11, 2012) at 20:24-25; 21:1-3. It then entered an order confirming its oral ruling. It never identified the alleged special circumstances.

The Debtor appeals from the award order.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (I). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court abuse its discretion in awarding

3

less than the full amount of the Debtor's requested fees and costs under § 523(d)?

**STANDARD OF REVIEW**

We review an award of fees and costs under § 523(d) for an abuse of discretion. Heritage Pac. Fin., LLC v. Montano (In re Montano), 501 B.R. 96, 104 (9th Cir. BAP 2013). A review of an abuse of discretion determination involves a two-pronged test; first, we determine de novo whether the bankruptcy court identified the correct legal rule for application. See United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc). If not, then the bankruptcy court necessarily abused its discretion. See id. at 1262. Otherwise, we next review whether the bankruptcy court's application of the correct legal rule was clearly erroneous; we will affirm unless its findings were illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See id.

**DISCUSSION**

Section 523(d) allows a debtor who successfully defended a § 523(a)(2) objection to discharge of a consumer claim an opportunity for fee recovery where the creditor's pursuit of the litigation was not substantially justified. Congress created this potential for fee shifting in recognition of the fact that consumer debtors often lack the financial wherewithal to defend against even meritless claims and, as a result, may settle even if the claim is frivolous or brought in bad faith.[3]

---

[3] See H.R. Rep. 95-595, at 365 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6321 ("The purpose of the provision is to
(continued...)

4

Section 523(d), thus, provides:

> If a creditor requests a determination of dischargeability of a consumer debt under [§ 523(a)(2)], and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

Under this provision, a debtor carries the initial burden to establish three particular elements and, if met, the burden shifts to the creditor to prove that its actions were "substantially justified." In re Montano, 501 B.R. at 114 (describing the three elements).

On appeal, there is no dispute that the determination of discharge involved a consumer debt or that the Debtor prevailed and the debt was discharged. In awarding fees and costs under § 523(d), the bankruptcy court also determined that Waugh was not substantially justified in pursuing its nondischargeability claim. Neither party challenges that aspect of the bankruptcy court's ruling and, thus, we do not review the substantially

---

[3](...continued) discourage creditors from initiating false financial statement exception to discharge actions in the hopes of obtaining a settlement from an honest debtor anxious to save attorney's fees. Such practices impair the debtor's fresh start."); S. Rep. No. 95-989, at 6 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5792. ("[We have] received considerable testimony that creditors have used these exceptions to threaten debtors into settlements which the debtors agree to in order to save attorneys' fees . . . . [We] oppose[] this practice and [include] a provision that . . . where the court finds that the objection to discharge . . . was frivolous, or not brought in good faith, the court may award attorneys' fees and costs to the debtor.").

justified determination on appeal.

Notwithstanding the determination that a nondischargeability proceeding is not substantially justified, a creditor can defend against fee recovery if it establishes special circumstances that make the award unjust. Courts interpret this exception "with reference to traditional equitable principles." First Card v. Hunt (In re Hunt), 238 F.3d 1098, 1104 (9th Cir. 2001) (citing Matter of Hingson, 954 F.2d 428, 430 (7th Cir. 1992)). As this Panel previously noted, "traditional equitable principles" frequently refers to "circumstances suggesting unfair dealing or an abuse of the legal process." See Kilbey v. Nawrocki (In re Nawrocki), No. AZ-09-1221, 2010 WL 6259978, at *8 n.11 (9th Cir. BAP Mar. 3, 2010); see also Stine v. Flynn (In re Stine), 254 B.R. 244, 252 (9th Cir. BAP 2000), aff'd, 19 F. App'x 626 (9th Cir. 2001) (neither inaccuracies in a debtor's bankruptcy petition and schedules nor counsel's pro bono representation of debtor constitute special circumstances); Commercial Fed. Bank v. Pappan (In re Pappan), 334 B.R. 678, 684 (10th Cir. BAP 2005) (special circumstances did not exist based on creditor's employment of debtor or debtors' borrowing history with the creditor). In this context, it would correctly include a situation where a debtor's improper action or inaction made it impossible or unduly difficult for a creditor to identify the deficiencies that rendered its case meritless.

The bankruptcy court did not expressly identify the rule of law it used in determining whether special circumstances existed. It also failed to identify the exact special

6

circumstances on which it ultimately relied. Our review of the record, however, establishes that the bankruptcy court did not apply general equitable principles and did not find debtor misconduct sufficient to justify complete fee disallowance.

The plain language of § 523(d) and case law construing the statutory provision, albeit sparse, make clear that if the bankruptcy court determines that special circumstances within the meaning of § 523(d) exist, an award of fees and costs is statutorily unavailable. See 11 U.S.C. § 523(d) ("[T]he court **shall not** award such costs and fees if special circumstances would make the award unjust.") (emphasis added); Matter of Hingson, 954 F.2d at 429-30 (special circumstances authorizes the denial of fees and costs under § 523(d)); In re Hunt, 238 F.3d at 1104 (same). It, thus, follows that the inverse is also true: if special circumstances do not justify total fee disallowance, they do not justify any fee reduction. In sum, and contrary to Waugh's position, under § 523(d) a fee award and the special circumstances exception are mutually exclusive determinations.

The record shows that at the hearing, the bankruptcy court focused on two alleged special circumstances: the Debtor's failure to schedule Waugh and issues related to the Debtor's deposition. Then, in rendering its oral ruling, the bankruptcy court stated that special circumstances informed its decision to award fees and costs in the amount of $4,500. The bankruptcy court failed to make any express findings, so we do not know what special circumstances allegedly justified its ruling. We agree, however, with the implicit determination that the two

7

factors argued as special circumstances by Waugh were not sufficient to justify complete fee disallowance.

Waugh first complains that it was not scheduled as a creditor. The Debtor explains and the record reflects, however, that he properly scheduled the debt and identified Waugh's predecessor-in-interest as a secured creditor. And Waugh had notice of the bankruptcy case sufficient to file a timely nondischargeability complaint. Even if we agree that Waugh lost the opportunity to attend the § 341(a) meeting through no fault of its own, the evidence is not clear that this was the Debtor's fault or that examination of the Debtor at the § 341(a) meeting (or otherwise) would have assisted Waugh in recognizing that it had no evidence of reliance by the original lender as to the Debtor's allegedly false statements.

Similarly, the fact that Debtor requested a translator shortly before a scheduled deposition does not evidence the type of special circumstances that justify complete fee disallowance on this record. At trial, the bankruptcy court stopped the proceeding to allow the Debtor to obtain the assistance of a translator. The Debtor's language difficulties were not feigned. And, in any event, Waugh unilaterally decided not to conduct the deposition when it had to pay for a translator. There is no evidence in the record that the Debtor refused to attend or cooperate if translation allowing him to create an accurate record was available. And, again, the Debtor's testimony would not help Waugh in filling the gaping hole in its case; the Debtor could not provide evidence of the internal workings of the original lender and its reliance on his

allegedly fraudulent statements.

Once a bankruptcy court determines that a fee award is appropriate under § 523(d), it has the opportunity to reduce fees as a debtor is entitled only to reasonable fees and costs. See In re Hunt, 238 F.3d at 1105 (noting that "[t]he primary method used to determine a reasonable attorney fee in a bankruptcy case is to multiply the number of hours expended by an hourly rate") (internal quotation marks and citation omitted). Here, the record makes clear that the bankruptcy court reviewed the time and billing statement of Debtor's counsel and found that the fees were reasonable. We agree. It appears that the bankruptcy court, while acknowledging the economy inherent in this fee request, still desired a fee reduction. Its reliance on special circumstances to reduce rather than disallow reasonable fees and costs, however, was not appropriate.

Based on the foregoing, the bankruptcy court abused its discretion by misinterpreting its discretion to adjust a § 523(d) award for attorney's fees and costs. See In re Stine, 254 B.R. at 251 ("[T]he court's authority under § 523(d) to deny attorney's fees on the ground of special circumstances is not a license to the bankruptcy judge to make decisions on idiosyncratic notions of equity, fair dealing, or family justice.") (internal quotation marks and citation omitted).

**CONCLUSION**

We REVERSE the bankruptcy court's award of attorney's fees and costs under § 523(d) and REMAND this matter with instructions to enter an award of $8,456.30.